# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| CHRISTIAN QUIROZ QUEZADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL SANTES MAR, et al., <br><br> Defendants. | CV 5:24-082 |

## ORDER

Before the Court is a motion to dismiss filed by Defendant Farmer John, LLC.[1]  Dkt. No. 9.  Plaintiffs, who are proceeding *pro se*, have filed no response, and the time for doing so has passed.  The motion is therefore ripe for review.

## BACKGROUND[2]

Plaintiffs are undocumented farm workers residing in Columbus, Ohio.  Dkt. No. 1 ¶ 2.  Defendants are identified as recruiters who supply workers to farms in Southern Georgia, owners and operators of farms in Southern Georgia, farms employing Plaintiffs during the relevant time period, Mexican officials who

---

[1] In the complaint, Plaintiffs refer to Defendant as "Farmer John Berries LLC."  The Clerk is **DIRECTED** to correct Defendant's name on the case docket.
[2] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]"  Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

helped Plaintiffs obtain HB2 visas, and a Mexican hotel/corporation where Plaintiffs "were kept without opportunity to leave" while they awaited their visas. Id. ¶¶ 3-7. Plaintiffs generally allege they were recruited to perform work for which they were not paid. See id. ¶¶ 165, 169.

Plaintiffs' factual allegations against Defendant Farmer John are as follows: Farmer John employed Plaintiffs and other foreign workers during the relevant time period, dkt. no. 1 ¶ 6; Plaintiff Antonio Miguel was taken to Farmer John in Alma, Georgia, where the supervisor took Miguel's passport and Mexican ID card, id. ¶¶ 74-75; the supervisor stated he would keep the documents until Miguel paid his debt to the farm, id. ¶ 76; Miguel worked eighteen hours a day, even on rainy days, id. ¶ 80; Farmer John charged Miguel for food and rent, id. ¶ 81; Miguel confronted the supervisor and demanded his documents, id. ¶ 82; the supervisor stated Miguel would not get his documents until he paid his debts to Farmer John, id. ¶ 83; Miguel ran away from the farm and hitchhiked to Ohio, id. ¶ 84; and Miguel has never been paid for his work, id. ¶ 85.

Plaintiffs bring claims against Farmer John for violation of the Fair Labor Standards Act, unjust enrichment, fraud, and civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. at 19-20. Farmer John has moved to dismiss Plaintiffs' civil RICO and fraud claims. Dkt. No. 9.

**LEGAL AUTHORITY**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more

3

than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

Finally, "[f]ailure to respond [to a motion to dismiss] within the applicable time period shall indicate that there is no opposition to a motion."  S.D. Ga. L.R. 7.5.

## DISCUSSION

### I.  Plaintiffs' Fraud Claim

"The Federal Rules of Civil Procedure advise plaintiffs on the general rules of pleading in Rule 8, and the special rules for pleading fraud, mistake, or condition of the mind in Rule 9." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1066-67 (11th Cir. 2007).  "Rule 8(a)(2) states that a pleading shall contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Id. (citing Fed. R. Civ. P. 8).  "If the claim alleges fraud, however, . . . Rule 9(b) dictates that 'the circumstances constituting fraud or mistake shall be stated with particularity.'"  Id. (citing Fed. R. Civ. P. 9(b)).

In order to avoid dismissal of a fraud claim, a plaintiff must plead with particularity "(1) precisely what statements were made in what documents or representation or what omission were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner

4

in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997).

A review of Plaintiffs' complaint shows that Plaintiffs' fraud claim fails to comport with the requirements of Rule 9(b). Plaintiffs allege that "[a]ll Defendants excepting Hotel Venecia, induced, recruited and hired the Plaintiffs with knowledge of their or in reckless disregard of their status, with the intent of denying payment for Plaintiffs' work," and that "Plaintiffs relied on the knowingly false and intentionally misleading statements of these Defendants and were injured because of their reliance." Dkt. No. 1 ¶¶ 173, 175. Plaintiffs' fraud claim largely recites the elements of a fraud claim and declares that they are met, but legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79. Moreover, Plaintiffs' fraud claim does not contain any factual allegations; Plaintiffs simply "incorporate paragraphs 1-171" of the complaint. Dkt. No. 1. ¶ 172. Further, as for the factual allegations that Plaintiffs assert in the body of the complaint, Plaintiffs do not specify "(1) precisely what statements were made in what documents or representation or what omission were made;" "(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same;" "(3) the content of such statements and the manner in which they misled the plaintiff[s]," or "(4) what the defendants obtained as a consequence of the fraud."

Brooks, 116 F.3d at 1371.  Plaintiffs have therefore failed to state a claim for fraud.

### II. Plaintiffs' RICO Claim

"Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007) (citing Fed. R. Civ. P. 9(b); Brooks, 116 F.3d at 1380–81).  "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud."  Id. at 1316-17 (citing Brooks, 116 F.3d at 1380–81).  In Brooks, the Eleventh Circuit "concluded that the complaint alleging a RICO claim did not meet the Rule 9(b) particularity standard because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud."  Id. (citing Brooks, 116 F.3d at 1381).  "[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud."  Id. (citing Brooks, 116 F.3d at 1381).

Here, Plaintiffs do not meet the pleading requirements of Rule 9(b) to state a civil RICO claim.  Plaintiffs state only that all "Defendants 'engaged in interstate and international commerce'

6

and 'specifically have engaged in a pattern of violating federal and state law specifically but not limited to the Fair Labor Standards Act, the 13th Amendment to the United States Constitution and the RICO statute.'"  Dkt. No. 1 ¶¶ 178-79.  The Court does not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth.  Iqbal, 556 U.S. at 678-79.  Moreover, Plaintiffs' civil RICO claim does not contain any factual allegations; Plaintiffs simply "incorporate paragraphs 1-175" of the complaint.  Dkt. No. 1. ¶ 177.  Further, as for the factual allegations that Plaintiffs assert in the body of the complaint, Plaintiffs do not specify the precise statements, documents, or misrepresentations made, the time, place of, and person responsible for such statements, the content and manner in which the statements misled the Plaintiffs, or what Farmer John gained by the alleged fraud.  Ambrosia Coal & Const., 482 F.3d at 1316-17.  Plaintiffs have therefore failed to state a civil RICO claim.

### III. Opportunity to Amend

The Court concludes that Plaintiffs have failed to state claims for fraud and a civil RICO violation.  Nevertheless, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).  Accordingly, the Court **DENIES** Defendant Farmer

John's motion to dismiss, dkt. no. 9, at this time. Plaintiffs are **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this Order. Their failure to do so will result in dismissal of their fraud and civil RICO claims against Farmer John. Further, Plaintiffs are warned that their failure to plead the claims with specificity as required by Rule 9(b) will result in dismissal of these claims against Farmer John.

## CONCLUSION

Defendant Farmer John's motion to dismiss, dkt. no. 9, is **DENIED**. Plaintiffs are **ORDERED** to file an amended complaint, as directed above, within **twenty days** of the date of this Order.

**SO ORDERED**, this 2nd day of April, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA