# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| CHRISTIAN QUIROZ QUEZADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL SANTES MAR, et al., <br><br> Defendants. | CV 5:24-082 |

**ORDER**

Before the Court is a motion for judgment on the pleadings filed by Defendant Satilla Harvesting, LLC. Dkt. No. 25. Plaintiffs, who are proceeding *pro se*, have filed no response, and the time for doing so has passed. The motion is therefore ripe for review.

**BACKGROUND**[1]

Plaintiffs are undocumented farm workers residing in Columbus, Ohio. Dkt. No. 1 ¶ 2. Defendants are identified as recruiters who supply workers to farms in Southern Georgia, owners and operators of farms in Southern Georgia, farms employing Plaintiffs during the relevant time period, Mexican officials who helped Plaintiffs obtain HB2 visas, and a Mexican

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

hotel/corporation where Plaintiffs "were kept without opportunity to leave" while they awaited their visas. Id. ¶¶ 3-7. Plaintiffs generally allege they were recruited to perform work for which they were not paid. See id. ¶¶ 165, 169.

Plaintiffs' factual allegations involving Defendant Satilla Harvesting are as follows: On January 5, 2016, Plaintiff Zoily Hernandez-Miguel was recruited in Chiapas, Mexico, by "Eider" to "work harvesting" in the United States. Id. ¶ 139. Hernandez-Miguel thought the work would be an opportunity for her to make money. See id. ¶¶ 140-41. In February, Per Eider's instructions, Hernandez-Miguel gave Eider her passport, birth certificate and Mexican voting credentials. Id. ¶¶ 143-44. Hernandez-Miguel then "wait[ed] for [her] date of traveling." Id. ¶ 144. At the beginning of April, Hernandez-Miguel rode a bus for one and one-half days with many others to the "Hotel Center" in Monterrey, Mexico, where she stayed in a hotel room with ten people. Id. ¶¶ 146-48, 161. Hernandez-Miguel spent ten days at the hotel "waiting for a visa" from the nearby consulate. Id. ¶¶ 149-50, 159. After she received her visa, she rode a bus for three days and nights. Id. ¶¶ 151, 160. The bus crossed the border through Nuevo Laredo, Mexico, where the passengers' passports were checked. Id. ¶ 152. Then, the bus traveled to Satilla Harvesting, a farm in Waycross, Georgia.[2] Id. ¶¶ 152, 162. A man named

---

[2] The complaint actually says "White Cross Georgia," but the Court assumes this is a typo because the complaint elsewhere identifies

2

Franklyn Olguin was in charge of the farm. Id. ¶ 153. Olguin "explained the work and everything that [the workers] have to paid until [they] pay off debt." Id. ¶ 154. Hernandez-Miguel began work the next day. Id. Her job was to check blueberries and put them in line. Id. ¶ 155. After two months of working from 6 a.m. to 10 p.m., she "couldn't make any money" because "everything [she] did was paying Eider . . . for rent food and the transportation." Id. ¶ 156. Two weeks before her visa expired, "Eider came and told everybody that whoever wants to go somewhere else needed [to] leave because immigration will be coming to check on the workers." Id. ¶ 157. Hernandez-Miguel called her brother, and her brother paid a car to pick her up. Id. ¶ 158.

Plaintiffs bring claims against Satilla Harvesting for violation of the Fair Labor Standards Act ("FLSA"), unjust enrichment, fraud, and civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. at 19-20. Satilla Harvesting has moved for judgment on the pleadings as to all of Plaintiffs' claims. Dkt. No. 25.

## LEGAL AUTHORITY

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In

---

Satilla Harvesting's location as Waycross, Georgia. Dkt. No. 1 at 3.

reviewing a Rule 12(c) motion, a court may consider all of the pleadings, including counterclaims and crossclaims, as well as documents attached to the pleadings. See Freeman v. Koch Foods of Ala., 777 F. Supp. 2d 1264, 1275 (M.D. Ala. 2011).

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. See Samara v. Taylor, 38 F.4th 141, 152 (11th Cir. 2022). "The fact allegations in the complaint are taken to be true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." Freeman, 777 F. Supp. 2d at 1275 (citation omitted). In other words, a judgment on the pleadings "must be based on the undisputed facts appearing in all the pleadings." Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956) (citations omitted). Thus, to prevail upon a Rule 12(c) motion for judgment on the pleadings, the movant must establish that "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Freeman, 777 F. Supp. 2d at 1275.

Finally, "[f]ailure to respond [to a motion for judgment on the pleadings] within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5.

## DISCUSSION

Defendant Satilla Harvesting argues, *inter alia*, that Plaintiffs' claims against it are barred by the applicable statute

4

of limitations. Dkt. No. 25 at 1. Plaintiffs have filed no response in opposition.

In its analysis of Defendant Satilla Harvesting's motion for judgment on the pleadings, the Court "'accepts all the facts in the complaint as true and views them in the light most favorable' to Plaintiff[s]." Robinson v. Sanofi-Aventis U.S. LLC, No. 1:23cv430, 2024 WL 1585566, at *1 (S.D. Ala. Apr. 11, 2024) (quoting Samara, 38 F.4th at 1255). A dismissal "based on a statute of limitations is 'appropriate it if is apparent from the face of the complaint that the claim is time-barred.'" Id. (quoting Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013)).

In the complaint, Plaintiffs bring claims against Satilla Harvesting for violation of the FLSA, unjust enrichment, fraud, and civil liability under RICO. Dkt. No. 1 at 19-20. The Court must analyze Satilla Harvesting's statute-of-limitations argument with regard to each of these claims.

### I. FLSA Claim

The statute of limitations for a claim seeking unpaid minimum wages under the FLSA is generally two years. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1280 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)). "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." Id.

Even assuming that Plaintiffs have alleged a willful violation of the FLSA to extend the limitations period to three years, Plaintiffs' FLSA claim against Satilla Harvesting is still time barred. All of Plaintiffs' factual allegations regarding Satilla Harvesting occurred in 2016. See Dkt. No. 1 ¶ 139 (Hernandez-Miguel was recruited to work in January 2016); id. ¶ 144 (Hernandez-Miguel gave Eider her passport, birth certificate and voting credentials in February); id. ¶ 146 (Hernandez-Miguel began her bus journey to Monterrey at the beginning of April); id. ¶ 149 (Hernandez-Miguel spent ten days waiting for a visa); id. ¶¶ 151-56 (Hernandez-Miguel worked for two months); id. ¶ 158 (Hernandez-Miguel called her brother to pick her up). This action was filed on October 29, 2024, approximately eight years after the alleged events surrounding Satilla Harvesting's farm took place. Therefore, Plaintiffs' unpaid wages claim against Satilla Harvesting is well outside of the FLSA's three-year statute of limitations and is time barred. Accordingly, Satilla Harvesting's motion for judgment on the pleadings is **GRANTED** as to this claim.

## II.  Unjust Enrichment Claim

The Court next addresses Plaintiffs' unjust enrichment claim. Plaintiffs allege Satilla Harvesting was unjustly enriched when it wrongfully withheld wages owed to Plaintiffs. Dkt. No. 1 ¶¶ 168-70. In Georgia, a claim for unjust enrichment has a four-year statute of limitations. Thierry v. Honey Pot Co., No. 23-12083, 2024 WL 3983400, at *5 (11th Cir. Aug. 29, 2024) (citing Koncul

6

Enters., Inc. v. Fleet Fin., Inc., 630 S.E.2d 567, 570 (Ga. Ct. App. 2006) (citing O.C.G.A. § 9-3-26)). As previously discussed, all of Plaintiffs' factual allegations regarding Satilla Harvesting occurred in 2016. This action was filed on October 29, 2024. Therefore, Plaintiffs' unjust enrichment claim against Satilla Harvesting was filed well past the four-year statute of limitations and is time barred. Accordingly, Satilla Harvesting's motion for judgment on the pleadings is **GRANTED** as to this claim.

### III. Fraud Claim

Next is Plaintiffs' fraud claim. Plaintiffs allege all Defendants recruited and hired Plaintiffs with the intent of denying payment for their work. Dkt. No. 1 ¶ 173. In Georgia, a claim for fraud generally must be brought within four years from the date the fraud is known or discovered. Thierry, 2024 WL 3983400, at *5 (citing Anthony v. Am. Gen. Fin. Servs., 697 S.E.2d 166, 175-76 (Ga. 2010); then citing O.C.G.A. § 9-3-96). Taking the facts alleged in the complaint as true, Plaintiffs knew or should have known of Satilla Harvesting's alleged fraud when it failed to pay the wages owed, that is, in 2016. See Dkt. No. 1 ¶¶ 139-58. Because this lawsuit was filed on October 29, 2024, Plaintiffs' fraud claim against Satilla Harvesting is time-barred by the four-year statute of limitations. Accordingly, Satilla Harvesting's motion for judgment on the pleadings is **GRANTED** as to this claim.

### IV. Civil RICO Claim

Finally, Plaintiffs assert all Defendants have engaged in a pattern of violating federal and state law and are therefore civilly liable to Plaintiffs under RICO. Dkt. No. 1 ¶¶ 178-79. A civil RICO claim is subject to a four-year statute of limitations. Rotella v. Wood, 528 U.S. 549, 553 (2000). "For federal RICO claims, the statute of limitations begins to run 'when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.'" Lechter v. Aprio, LLP, 565 F. Supp. 3d 1279, 1302-03 (N.D. Ga. 2021) (quoting Rowe v. Gary, Williams, Parenti, Watson & Gary, PLLC, 181 F. Supp. 3d 1161, 1173 (N.D. Ga. 2016), rev'd on other grounds, 703 F. App'x 777 (11th Cir. 2017)). Taking the facts alleged in the complaint as true, Plaintiffs discovered or should have discovered their injury—not receiving pay for work performed—in 2016. Because this lawsuit was filed on October 29, 2024, Plaintiffs' civil RICO claim against Satilla Harvesting is time-barred. Accordingly, Satilla Harvesting's motion for judgment on the pleadings is **GRANTED** as to this claim.

### CONCLUSION

All of Plaintiffs' claims against Defendant Satilla Harvesting, LLC are time-barred by the applicable statutes of limitation. Therefore, Satilla Harvesting, LLC's motion for judgment on the pleadings, dkt. no. 25, is **GRANTED,** and Plaintiffs' claims against it are **DISMISSED with prejudice.** The Clerk is

**DIRECTED** to terminate Satilla Harvesting, LLC as a defendant in this action.

**SO ORDERED**, this 30 day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9